UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PAUL WILLIAMS,
    *Plaintiff*,

v.

OSBORN MEDICAL DEPARTMENT *et al.*,
    *Defendants*.

No. 3:20-cv-01474 (JAM)

**INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff Paul Williams is a prisoner in the custody of the Connecticut Department of Correction ("DOC"). He has filed a complaint *pro se* and *in forma pauperis* alleging claims under the Eighth Amendment for deliberate indifference to his serious medical needs and under the First Amendment for retaliation against protected speech activity. For the reasons set forth below, I will allow his claim against a "Jane Doe" defendant to proceed subject to his prompt filing of an amended complaint to identify her true name.

BACKGROUND

The complaint arises from Williams's dental problems that occurred while he was incarcerated at the Osborn Correctional Institution. Williams names the following two defendants: the "Osborn Medical Dept." and "Dental Doctor Jane Doe." Doc. #1 at 1.

On December 3, 2019, Williams sent a request to the Osborn Medical Department stating that one of his teeth was causing him pain. *Id.* at 2 (¶ 6). He received no response to this request. *Ibid.* On December 20, 2019, Williams sent another request to the Osborn Medical Department regarding his painful tooth but again received no response. *Id.* (¶ 7).

On February 6, 2020, Williams experienced excruciating pain in his head, mouth, and in

1

the area of one of his teeth. *Id.* at 3 (¶ 8). His face was swollen, he could not sleep, and he could barely eat or open his mouth without experiencing excruciating pain. *Id.* (¶ 9). The medical department had not answered any of his prior requests for medical attention. *Id.* (¶ 10).

In March 2020, a nurse came to Williams's cell and stated that due to the COVID-19 pandemic, he would not be seen by a physician or a dentist. *Id.* (¶ 11). Williams asked the nurse to provide him with something in writing that documented the refusal to treat him. *Ibid.* The nurse declined this request and left his cell without giving her name. *Ibid.*

On April 18, 2020, Williams submitted another request to be seen by a medical provider. *Id.* (¶ 12). He received no response. *Ibid.*

In June 2020, Williams suffered bleeding and swollen gums and discharge from the area of his infected tooth. *Id.* (¶ 13). Williams complained to his block officer but no one would help him. *Ibid.*

On June 26, 2020, Williams complained to a captain and lieutenants who told him he should file a grievance. *Id.* at 4 (¶ 14). But there was no response to his grievance. *Ibid.*

In July 2020, Williams could not take the pain any longer and told the block officer that he was in "excruciating pain" and that "I need to see the medical unit." *Id.* (¶ 15). He was then called to the medical department where someone whom Williams identifies only as "Dental Doctor 'Jane Doe'" pulled his tooth out. *Ibid.*

But during the extraction, the dentist damaged another tooth by drilling into it and causing it to crack. *Id.* (¶ 16). The dentist told Williams: "since you been rushing me to pull your bad tooth and complaining to everybody; now I fucked up one of your good tooth, next time this will teach you to have patience." *Ibid.* According to Williams, this statement reflects a "hostile

attitude toward me" and was "direct evidence that she damaged my good tooth maliciously and intentionally to cause me severe harm because I filed grievance[s] and complaints." *Ibid.*

Williams has filed this federal complaint pursuant to 42 U.S.C. § 1983 alleging a claim under the Eighth Amendment for deliberate indifference to his serious medical needs and a claim under the First Amendment for retaliation. He seeks money damages, an injunction, and declaratory relief.[1]

### DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010).

The Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation, a *pro se* complaint may not survive

---

[1] Although Williams also alleges state law claims for intentional infliction of emotional distress and assault-and-battery, I will not address them in this ruling. The validity of any state law claims may be appropriately addressed in the usual course by way of a motion to dismiss or a motion for summary judgment. More generally, the Court's determination for purposes of an initial review order under 28 U.S.C. § 1915A that any claim may proceed against a defendant is without prejudice to the right of any defendant to seek dismissal of any claims by way of a motion to dismiss or motion for summary judgment in the event that the Court has overlooked a controlling legal principle or if there are additional facts that would warrant dismissal of a claim.

3

dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

### *Claims against defendant Osborn Medical Department*

Williams has named the Osborn Medical Department as one of the defendants. Neither a State nor a state agency or entity is a "person" who may be subject to liability under 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989); *Jones v. New York State Div. of Military & Naval Affairs*, 166 F.3d 45, 49 (2d Cir. 1999). "[A]s a unit of the Department of Correction, a state agency, the Osborn Medical Department is not a 'person' within the meaning of § 1983." *Rose v. Connecticut, Dep't of Corr. Osborn Med. Dep't*, 2017 WL 1197673, at *3 (D. Conn. 2017). Accordingly, I will dismiss Williams's claim against the Osborn Medical Department and consider his claims only against Dental Doctor Jane Doe.

### *Eighth Amendment deliberate indifference*

The Eighth Amendment to the U.S. Constitution protects against the infliction of cruel and unusual punishment. *See* U.S. Const. amend. VIII. The Supreme Court has long recognized that prison officials violate the Eighth Amendment if they are deliberately indifferent to a substantial risk of serious harm or the serious medical needs of a sentenced prisoner. *See Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976).

A deliberate indifference claim under the Eighth Amendment has two requirements. First, the prisoner must allege that he was subject to an objectively serious risk of harm or serious medical need, as distinct from what a reasonable person would understand to be a minor risk of harm or minor medical need. The objective component requires no less than "'a condition of urgency, one that may produce death, degeneration, or extreme pain.'" *Horace v. Gibbs*, 802 F.

App'x 11, 14 (2d Cir. 2020) (quoting *Hathaway v. Coughlin*, 37 F.3d 33, 66 (2d Cir. 1994)).

Second, the prisoner must allege that a defendant prison official acted with an actual awareness of a substantial risk that serious harm to the inmate will result. *See Spavone v. N.Y. State Dept. of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013); *Hilton v. Wright*, 673 F.3d 120, 127 (2d Cir. 2012). The official must have acted more than merely negligently but instead with a subjective state of mind that is the equivalent of criminal recklessness. *See Francis v. Fiacco*, 942 F.3d 126, 150 (2d Cir. 2019).

Williams has alleged enough facts to satisfy both components for an Eighth Amendment deliberate indifference claim. He alleges that he suffered from a tooth condition and infection that caused him excruciating pain. And he alleges enough facts to suggest that Dental Doctor Jane Doe may have acted recklessly when she treated him for this condition. Accordingly, I will allow Williams's Eighth Amendment claim to proceed against Dental Doctor Jane Doe.

### *First Amendment retaliation*

The First Amendment protects prison inmates from being subject to retaliation on the basis of inmates' filing of a lawsuit, lodging a grievance, or engaging in other protected free speech activity. In order to state a claim for First Amendment retaliation, a prisoner plaintiff must allege facts showing (1) that he engaged in an activity protected under the First Amendment, (2) that a prison official defendant took an adverse action against him, and (3) that the prisoner's First Amendment activity caused the prison official to engage in the adverse action. *See, e.g., Dolan v. Connolly*, 794 F.3d 290, 294 (2d Cir. 2015). The Second Circuit has "instructed district courts to approach prisoner retaliation claims with skepticism and particular care, because virtually any adverse action taken against a prisoner by a prison official—even

those otherwise not rising to the level of a constitutional violation—can be characterized as a constitutionally proscribed retaliatory act." *Id.* at 295 (internal quotations omitted). Retaliation claims "stated in wholly conclusory terms" are insufficient. *Ibid.* (internal quotation marks and citations omitted).

Williams alleges that Dental Doctor Jane Doe drilled into and cracked a healthy tooth and told him that she did so because of his complaints about not receiving treatment. These allegations are enough for initial pleading purposes to sustain a First Amendment retaliation claim. Accordingly, I will permit Williams's First Amendment retaliation claim to proceed against Dental Doctor Jane Doe.

### *Official capacity claim for money damages*

Williams alleges his claims against Dental Doctor Jane Doe in both her personal or individual capacity and in her official capacity. But state officials who are sued in their official capacities are immune under the Eleventh Amendment from federal court lawsuits for money damages. *See Libertarian Party of Erie Cty. v. Cuomo*, 970 F.3d 106, 122 (2d Cir. 2020). Accordingly, I will allow Williams's action for money damages against Dental Doctor Jane Doe to proceed only in her individual capacity.

### *Injunctive relief*

Although Williams requests injunctive relief, he does not state what specific relief he seeks at this time. Moreover, the Department of Corrections' Inmate Information webpage reflects that Williams is no longer incarcerated at Osborn Correctional Institution but is incarcerated at the Carl Robinson Correctional Institution. Accordingly, in the absence of a particularized request for injunctive relief and in the absence of any showing that Dental Doctor

Jane Doe has any connection to the Carl Robinson Correctional Institution, I will dismiss Williams's request for injunctive relief against Dental Doctor Jane Doe.

### *Identification of true name of "Dental Doctor Jane Doe"*

As noted above, the Court will allow Williams's claim against Dental Doctor Jane Doe to proceed but advises Williams that he must take prompt action to identify the true name of Dental Doctor Jane Doe so that he may file an amended complaint that identifies her by her true name and so that she may be properly and timely served with the complaint. *See, e.g., Hogan v. Fischer*, 738 F.3d 509, 517–20 (2d Cir. 2013).

Williams may file an amended complaint within 30 days that identifies Dental Doctor Jane Doe. If he is unable to identify her name by that date, then he may file a motion for an extension of time detailing his efforts to identify Dental Doctor Jane Doe and showing good cause for his failure to do so. If Williams believes that he cannot identify the true name of Dental Doctor Jane Doe without further assistance, then within 30 days he must file a request for assistance with the Court for entry of an order to require the Department of Correction either to identify the name of Dental Doctor Jane Doe or to furnish him a copy of his medical treatment records for the time period relevant to this action from which he would presumably be able to identify the name of Dental Doctor Jane Doe. *See Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (*per curiam*) (discussing duty of court to furnish reasonable assistance to *pro se* incarcerated plaintiff with respect to identifying names of defendants).

### *Motion to appoint counsel*

Williams has moved for appointment of counsel (Doc. #9). Although Williams has alleged enough facts for initial pleading purposes to give rise to plausible grounds for relief

7

against Dental Doctor Jane Doe, his claims do not have a sufficient likelihood of merit to warrant the appointment of counsel. *See Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997); *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1983). In particular, even assuming the truth of Williams's allegations that the dentist caused harm to one of his teeth, the allegations of the complaint do not make a persuasive showing that this harm was caused by something other than negligence rather than by recklessness or by a desire to retaliate against Williams.

## CONCLUSION

For the reasons stated above, the Court DISMISSES with prejudice all claims against the Osborn Medical Department. The Court otherwise allows Williams's claims to proceed against Dental Doctor Jane Doe under the Eighth Amendment and the First Amendment. Williams must file an amended complaint by **February 17, 2021** that identifies Dental Doctor Jane Doe by her true name or he must file a motion for extension of time to do so and/or a request for assistance from the Court as set forth above. If Williams does not timely comply with any of these filing requirements, the Court is likely to dismiss the complaint for failure to prosecute. In accordance with DOC records now reflecting that Williams is housed at the Carl Robinson Correctional Institution, the Clerk of Court shall amend his address of record, and the Court advises Williams that he must promptly advise the Court of any future change of address.

It is so ordered.

Dated at New Haven, Connecticut this 18th day of January 2021.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge